UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                     :

In re:                                        :        09 MD 2017 (LAK)

LEHMAN BROTHERS SECURITIES AND  :
ERISA LITIGATION                          :        **ECF CASE**

This Document Applies to:                    :

*In re Lehman Brothers Mortgage-Backed*    :
*Securities Litigation*, No 08-CV-6762.       :

------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR
LIMITED RELIEF FROM THE PSLRA DISCOVERY STAY**

Lead Plaintiff Locals 302 and 612 of the International Union of Operating Engineers – Employers Construction Industry Retirement Trust (the "Operating Engineers" or "Lead Plaintiff"), Plaintiff New Jersey Carpenters Health Fund (the "New Jersey Carpenters") and Plaintiff Boilermakers-Blacksmith National Pension Trust (the "Boilermakers") (collectively, "Plaintiffs") respectfully submit this memorandum in support of their motion for partial modification of the discovery stay imposed by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA").

On October 13, 2009, the Equity/Debt Plaintiffs[1] in *In re Lehman Brothers Equity/Debt Securities Litigation*, 08-CV-5523-LAK, filed a motion seeking limited relief from the stay and permission to obtain copies of documents, deposition transcripts, and other information that Defendants, Lehman Brothers Holdings, Inc. ("Lehman" or the "Company"), Lehman-affiliated

---

[1] "Equity/Debt Plaintiffs" refers to the Alameda County Employees' Retirement Association, the Government of Guam Retirement Fund, the Northern Ireland Local Government Officers' Superannuation Committee, the City of Edinburgh Council as Administering Authority of the Lothian Pension Fund, and Operating Engineers Local 3 Trust Fund.

debtors, and third-parties have produced, or will soon produce, to governmental authorities and other litigants concerning investigations or litigation related to Lehman's bankruptcy.[2] To the extent that the Court grants the Equity/Debt Plaintiffs' motion, Plaintiffs here seek the same relief.

Plaintiffs brought this action pursuant to the Securities Act of 1933, 15 U.S.C. §§ 77k (the "Securities Act"), on their own behalf and as a class action on behalf of all person and entities who purchased or otherwise acquired mortgage-backed securities ("MBS" or "Certificates") underwritten by Lehman Brothers, Inc. ("LBI") and issued by Issuing Trusts pursuant and traceable to two Registration Statements and accompanying Prospectuses (the "Registration Statements") and later-filed Prospectus Supplements incorporated therein (collectively, the "Offering Documents"). The Complaint asserts claims pursuant to the 1933 Act against each of the Individual Defendants under Section 11, who served as signatories of either one or both of the Registration Statements, and Section 15, as control persons of a primary violator under Section 11.

As set forth in the Complaint, Lehman, its affiliates, the Individual Defendants and the both Moody's Investor Service, Inc ("Moody's") and The McGraw-Hill Companies, Inc. ("S&P") (collectively, the "Rating Agencies") inundated the financial markets with nearly $100 billion dollars of MBS through an "assembly line" of nearly 100 public offerings (the "Offerings"). These Offerings violated the core disclosure provisions of the Securities Act by, *inter alia*, failing to disclose that the guidelines used to originate the mortgage collateral was systematically disregarded and that undisclosed conflicts of interest pervaded every stage of the

---

[2] Plaintiffs hereby incorporate by reference the arguments made by the Equity/Debt Plaintiffs in their Memorandum of Law in Support of their Motion Seeking Limited Relief from the PSLRA Discovery Stay as well as the documents annexed to the Declaration of David Stickney filed in support thereof. *In re Lehman Bros. Sec. and ERISA Litig.*, No. 09-MD-2017, Dkt. No. 189 (Oct. 13, 2009).

securitization process; incentivizing and causing the assignment of inflated ratings and producing the largely "worthless" and "unsound" securities the Securities Act was enacted to both guard against and remedy.

Relatively soon after issuance and in the face of mounting delinquencies in the mortgage collateral, the Ratings Agencies in July 2007 took the unprecedented step of announcing the need to not merely downgrade the Certificates and all similar MBS, but to revise the underlying methodologies used to assign them ratings. These methodology changes resulted in downgrades of not merely two levels in the rating system – *i.e.*, from AAA to AA – but as much as 17 levels – *i.e.*, from AAA to CCC. The Rating Agencies attributed as a material cause for the downgrades and methodology changes, the aggressive underwriting practices and mortgage fraud which had infected the underlying mortgage collateral, and which was not previously accounted for in their models. ¶¶ 72, 75, 83, 90, 105, 119, 128, 139, 143, 146.[3] While ratings were slashed, delinquency and foreclosure rates shortly after issuance dramatically increased, impairing as much as 50% of the underlying Certificate mortgage loans. ¶¶ 8, 75, 83, 90, 105, 119, 128, 139, 143, 146. Attendant to these significant downgrades and delinquencies was a commensurate collapse in the value of the bonds with Plaintiffs' Certificates having lost on average 44% of their value. ¶ 8.

In sum, the Complaint alleges that the Registration Statements and Prospectus Supplements included material misstatements in the specific portions of the Offering Documents that described (1) the Guidelines purportedly used to originate the mortgages (since in fact those Guidelines were systematically disregarded) (¶¶ 185-267); (2) the various forms of credit support or investor protections which purportedly justified the AAA ratings assigned to the Certificates

---

[3] References to "¶" or "¶¶" refer to Plaintiffs' Consolidated Securities Class Action Complaint, filed Feb. 23, 2009, Dkt. No. 32.

(since those protections were wholly inadequate having been derived from outdated models deployed by the conflicted Ratings Agency Defendants) ¶¶ 268-71; and (3) the role of Lehman in structuring the Certificates and the Ratings Agencies' role in rating them (since the Ratings Agencies were instrumental in forming and structuring the Certificates without compensation as an inducement for obtaining the ratings engagement) ¶¶ 272-73.

All of these actions, as well as Lehman's bankruptcy in general, have prompted numerous civil, criminal and regulatory investigations at both the state and federal level and countless lawsuits not subject to the PSLRA's mandated discovery stay, all of which have been referred to in either the Complaint or the Equity/Debt Plaintiffs' memorandum of law in support of their present motion. The particular and limited relief requested, *i.e.*, discovery of materials already disclosed in these proceedings, will serve to correct an increasing information disadvantage compared to other interested parties and will assist Plaintiffs in forming their strategy going forward in this litigation. This relief will pose no more than a minimal burden on the producing parties who have already produced (or will soon be producing) these documents in these other proceedings.

For the reasons stated above and in the Equity/Debt Plaintiffs' memorandum of law, Plaintiffs respectfully request that, to the extent the Court grants the Equity/Debt Plaintiffs' motion seeking limited relief from the PSLRA discovery stay, the Court grant the same relief to Plaintiffs herein. Such relief will prevent an undue prejudice to Plaintiffs and the proposed class.

Dated: October 22, 2009                    **COHEN MILSTEIN SELLERS & TOLL, PLLC**

                                                       /s/ Christopher Lometti
                                                       Christopher Lometti (CL-9124)
                                                       Joel P. Laitman (JL-8177)
                                                       Daniel B. Rehns (DR-5506)
                                                       Kenneth M. Rehns (KR-9822)
150 East 52nd Street, Thirtieth Floor
New York, New York 10022
Telephone: (212) 828-7797
Facsimile: (212) 828-7745
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
drehns@cohenmilstein.com
krehns@cohenmilstein.com

                                                       Steven J. Toll
                                                      S. Douglas Bunch
1100 New York Avenue NW, Suite 500 West
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

## CERTIFICATE OF SERVICE

I, Kenneth M. Rehns, hereby certify that on October 22, 2009, I caused the foregoing document to be filed electronically with the United States District Court for the Southern District of New York through the Court's mandated ECF service. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the document(s) upon confirmation of e-filing.

                                              /s/ Kenneth M. Rehns
                                              Kenneth M. Rehns