UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
IN RE LEHMAN BROTHERS SECURITIES :
AND ERISA LITIGATION :
:
:
:
:
:
This Document Applies To: : Civil Action No. 09 MD 2017 (LAK)
:
:
:
In re Lehman Brothers Equity/Debt Securities :
Litigation, 08 Civ. 5523 (LAK). :
:
:
:
-------------------------------------------------------x

**DEFENDANT UBS FINANCIAL SERVICES INC.'S MEMORANDUM OF LAW (A) IN OPPOSITION TO JOSEPH HUMBLE'S MOTION TO INTERVENE AND (B) IN SUPPORT OF ITS CROSS-MOTION FOR JUDGMENT ON THE PLEADINGS WITH RESPECT TO OFFERINGS FOR WHICH NO PLAINTIFF HAS STANDING TO SUE**

GIBSON, DUNN & CRUTCHER LLP
JONATHAN C. DICKEY
MARSHALL R. KING
OLIVER OLANOFF
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for Defendant UBS Financial
Services Inc.

## TABLE OF CONTENTS

                                                                            Page

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

        A.        Mr. Humble's Motion to Intervene Should Be Denied as Futile and Untimely ................................................................................................................. 3

        B.        Plaintiffs Lack Standing to Bring Claims Associated with L491 and L574, Rendering Dismissal Appropriate Pursuant to Federal Rule of Civil Procedure 12(c) ........................................................................................ 8

CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ceribelli v. Elghanayan*,
  No. 91 Civ. 3337 (CSH), 1994 WL 529853 (S.D.N.Y. Sept. 28, 1994) .................................. 6

*Chevron Corp. v. Salazar*,
  Nos. 11 Civ. 3718 (LAK) & 11 Civ. 0691 (LAK), 2011 WL 3628843
  (S.D.N.Y. Aug. 17, 2011) ........................................................................................................ 8

Diduck v. Kaszycki & Sons Contractors, Inc.,
  149 F.R.D. 55 (S.D.N.Y. 1993) ............................................................................................... 8

Footbridge Ltd. Trust v. Countrywide Fin. Corp.,
  770 F. Supp. 2d 618 (S.D.N.Y. 2011) ................................................................................. 5, 6

*In re IndyMac Mortg.-Backed Sec. Litig.*,
  793 F. Supp. 2d 637 (S.D.N.Y. 2011), *appeal docketed*, Nos. 11-2998-CV &
  11-3036-CV (2d Cir. July 21, 2011) ........................................................................... 1, 5, 6, 7

*In re Lehman Bros. Sec. & ERISA Litig.*,
  799 F. Supp. 2d 258 (S.D.N.Y. 2011) ................................................................... 1, 2, 3, 5, 6, 9

*In re Lehman Bros. Sec. & ERISA Litig.*,
  800 F. Supp. 2d 477 (S.D.N.Y. 2011), *appeal docketed*, No. 11-1982-CV (2d
  Cir. May 13, 2011) ........................................................................................................ 1, 7, 8

In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.,
  375 B.R. 719 (S.D.N.Y. 2007) ................................................................................................ 8

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
  Nos. 02 MDL 1484 & 02 Civ. 8472 (JFK), 2008 WL 2594819 (S.D.N.Y. June
  26, 2008) .............................................................................................................................. 3, 4

*In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*,
  No. 1:00-1898, MDL 1358 (SAS), 2006 WL 1004725 (S.D.N.Y. Apr. 17,
  2006) ........................................................................................................................................ 7

*In re Nat'l Australia Bank Sec. Litig.*,
  No. 03 Civ. 6537 (BSJ), 2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006) .................................... 8

*Miner v. Empire Blue Cross/Blue Shield*,
  No. 97 Civ. 6490 (LAP), 2001 WL 96524 (S.D.N.Y. Feb. 5, 2001) ....................................... 8

*New Jersey Carpenters Health Fund v. Residential Capital, LLC*,
  Nos. 08 CV 8781 (HB) & 08 CV 5093 (HB), 2010 WL 5222127 (S.D.N.Y.
  Dec. 22, 2010) ......................................................................................................................... 5

*P. Stolz Family Partnership L.P. v. Daum*,
  355 F.3d 92 (2d Cir. 2004) ...................................................................................................... 6

*Stewart v. Atwood*,
  --- F. Supp. 2d ---, No. 10-CV-00848S(F), 2011 WL 5120427 (W.D.N.Y. Oct.
  27, 2011) ................................................................................................................. 3

**Statutes**

15 U.S.C. § 77k ............................................................................................................. 2

15 U.S.C. § 77*l*(a)(2) .................................................................................................... 2

15 U.S.C. § 77m ....................................................................................................... 3, 5

**Rules**

Fed. R. Civ. P. 12(c) ............................................................................................... 2, 10

Fed. R. Civ. P. 24 ......................................................................................................... 8

Fed. R. Civ. P. 25 ......................................................................................................... 8

FINRA Rule 12206(a) ................................................................................................ 10

Defendant UBS Financial Services Inc. ("UBSFS") respectfully submits this memorandum of law (a) in opposition to the motion of Joseph Humble to intervene as a plaintiff, and (b) in support of UBSFS's cross-motion, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings dismissing all claims relating to securities offerings for which no remaining plaintiff has standing to sue.

**INTRODUCTION**

Joseph Humble's motion to intervene should be denied, because he is barred from bringing his claims by the three-year statute of repose applicable to claims under Sections 11 and 12(a)(2) of the Securities Act of 1933. Citing no relevant case law in support of his position, Mr. Humble attempts to escape the bar of the statute of repose – and defy the law of the case – by asserting that he is merely seeking to "substitute" for withdrawing plaintiff Fred Mandell. But this Court has previously held that the statute of repose creates an "absolute" bar to claims brought more than three years after an offering or an investor's purchase, and has clearly rejected any notion that the statute of repose can be tolled by the filing of class claims by other purchasers. *In re Lehman Bros. Sec. & ERISA Litig.*, 800 F. Supp. 2d 477, 481-83 (S.D.N.Y. 2011) ("*Lehman I*"), *appeal docketed*, No. 11-1982-CV (2d Cir. May 13, 2011); *see also In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 309-10 (S.D.N.Y. 2011) ("*Lehman II*"); *In re IndyMac Mortg.-Backed Sec. Litig.*, 793 F. Supp. 2d 637, 642-43 (S.D.N.Y. 2011), *appeal docketed*, Nos. 11-2998-CV & 11-3036-CV (2d Cir. July 21, 2011). Accordingly, Mr. Humble simply does not possess a viable claim under the securities laws, and his motion to intervene should be denied.

Separately, two named plaintiffs seek leave to withdraw as parties. UBSFS does not oppose their withdrawal. As a result of the withdrawal of Mr. Mandell, however, at least one –

and, if the Court denies Mr. Humble's intervention motion, two – of the 33 securities offerings that remained at issue following UBSFS's motion to dismiss will be unrepresented by any plaintiff who purchased securities in those offerings. Accordingly, because the remaining plaintiffs lack standing with respect to those offerings, the Court should grant Defendant UBSFS's motion for judgment on the pleadings, and dismiss all claims based on those two offerings, pursuant to Fed. R. Civ. P. 12(c).

## STATEMENT OF FACTS

On April 23, 2010, plaintiffs filed their Third Amended Complaint (the "TAC"), asserting claims against UBSFS under Sections 11 and 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §§ 77k & 77*l*(a)(2), based on certain structured products issued by Lehman Brothers Holdings Inc. and sold by UBSFS. UBSFS moved to dismiss on various grounds. This Court granted the motion in two respects that are relevant here. First, it held that "the plaintiffs have no standing to bring claims with respect to the fifty PPN offerings in which they did not purchase securities." *Lehman II*, 799 F. Supp. 2d at 274. Second, the Court held that claims based on offerings that occurred on March 30, 2007 – more than three years before the filing of the TAC – were barred by the three-year statute of repose set forth in Section 13 of the Securities Act, 15 U.S.C. § 77m. *Id.* at 309-10. The Court rejected the contention that theories of tolling or "relation back" could enable plaintiffs to avoid the statute of repose. *Id.*

As a result of the Court's decision on UBSFS's motion to dismiss, 33 offerings of Lehman structured products remained at issue in the case. Two of those 33 offerings were represented by a single named plaintiff, Fred Mandell. *See* TAC, App. B (identifying named plaintiffs who purchased in each structured product offering). Mr. Mandell was the only named plaintiff who purchased: (1) "Return Optimization Securities with Partial Protection Linked to

the S&P 500 Index," identified by CUSIP number 52522L491 ("L491"), in an offering on December 31, 2007; and (2) "Return Optimization Securities with Partial Protection Linked to the S&P 500 Index," identified by CUSIP number 52522L574 ("L574"), in an offering on February 29, 2008.

Mr. Mandell now seeks to withdraw from this action so that he can pursue an arbitration proceeding against UBSFS.[1] With Mr. Mandell's withdrawal – and regardless of the outcome of Mr. Humble's intervention motion – there will be no plaintiff remaining who purchased the L574 security. Mr. Humble's intervention motion purports to "substitute" a new plaintiff for the L491 security issued in the December 31, 2007 offering. At no time did Mr. Humble attempt to bring his claims before this Court prior to his motion to intervene on January 20, 2012, by which time his claims were barred by the three-year statute of repose.[2]

**ARGUMENT**

**A.    Mr. Humble's Motion to Intervene Should Be Denied as Futile and Untimely**

Where, as here, a proposed intervenor cannot state a timely claim for relief, the Court must deny a movant's motion to intervene under Fed. R. Civ. P. 24. "Because timeliness is required for both mandatory and permissive intervention, a determination that the application to intervene is untimely dispenses with the need to address the remaining three requirements." *Stewart v. Atwood*, --- F. Supp. 2d ---, No. 10-CV-00848S(F), 2011 WL 5120427, at *6 (W.D.N.Y. Oct. 27, 2011). A motion to intervene must also not be futile. *See In re Merrill*

---

[1] Mr. Mandell is only the most recent named plaintiff to conclude that arbitration represents a superior forum for resolution of claims against UBSFS relating to the purchase of Lehman structured products. Previously, named plaintiff Ralph Rosato dropped out of the case while motions to dismiss were pending in order to pursue an arbitration against UBSFS. *Lehman II*, 799 F. Supp. 2d at 273 n.91.

[2] Mr. Humble's brief conveys the erroneous notion that UBSFS has "declined" to take Mr. Humble's deposition. Memorandum of Law in Support of the Motion of Fred Mandell and Roy Weigert to Withdraw and Joseph Humble to Intervene as a Substitute Plaintiff, dated January 20, 2012 ("Humble Br."), at 6. That is not true. Mr. Humble's deposition is scheduled to take place on February 10, 2012.

3

*Lynch & Co., Inc. Research Reports Sec. Litig.*, Nos. 02 MDL 1484 & 02 Civ. 8472 (JFK), 2008 WL 2594819, at *5 (S.D.N.Y. June 26, 2008). A motion for intervention is considered futile if the proposed intervenor fails to allege a legally sufficient claim. *See id.* For the reasons discussed below, because more than three years have passed since Mr. Humble purchased the L491 security in December 2007, Section 13's unconditional statute of repose bars Mr. Humble's claim and his motion to intervene must be denied as both untimely and futile.[3]

As this Court previously has held, the statute of repose for claims asserted under Sections 11 and 12(a)(2) of the Securities Act provides that "[i]n no event" may a plaintiff bring claims to enforce a liability "more than three years after the security was bona fide offered to the public, or . . . more than three years after the sale." 15 U.S.C. § 77m. Here, it is undisputed that Mr. Humble purchased his L491 security in a bona fide offering in December 2007 – *i.e.*, more than *four* years before he brought his motion to intervene. *See* Certification of Joseph Humble, attached as Exhibit 1 to the Declaration of Daniel C. Girard, executed January 20, 2012. His claim is thus time-barred.

Attempting to avoid the fatal time bar of the three-year statute of repose, Mr. Humble argues that his claim is not barred because he is only seeking to "substitute" for Mr. Mandell, who brought his claim in a timely manner. *See* Humble Br. at 9. In effect, Mr. Humble is arguing that the statute of repose should be tolled with respect to his claims because of Mr. Mandell's previous involvement in the lawsuit. While not using the word "tolling," Mr. Humble's motion amounts to nothing more than a thinly veiled request that the statute of repose be tolled, based on the fact that Mr. Mandell, who has chosen to withdraw from this case in order

---

[3] Mr. Humble cites this Court's decision in *In re Chevron Corp.*, 749 F. Supp. 2d 170 (S.D.N.Y. 2010) – in which the Court denied a motion to intervene as being untimely – for the proposition that determining timeliness is a matter of "discretion." Humble Br. at 5. *Chevron*, however, did not involve any statute of repose. For the reasons discussed hereafter, there is no "discretion" to extend a Congressionally imposed statute of repose.

4

to pursue arbitration remedies, had filed a timely claim. But in making this argument, Mr. Humble cannot, and does not, offer any support for the proposition that there is an exception to the absolute bar created by the statute of repose where one plaintiff substitutes for another. In fact, this Court's rulings, in this case and elsewhere, dictate the very opposite conclusion: "[N]either *American Pipe* nor any other form of tolling may be invoked to avoid the three year statute of repose . . . ." *Lehman II*, 799 F. Supp. 2d at 310; *see also IndyMac*, 793 F. Supp. 2d at 642; *Lehman I*, 800 F. Supp. 2d at 483 ("Section 13 of that act states quite clearly that '[i]n no event' shall such claims be asserted 'more than three years after' the pertinent offerings. That language is absolute."); *Footbridge Ltd. Trust v. Countrywide Fin. Corp.*, 770 F. Supp. 2d 618, 627 (S.D.N.Y. 2011) ("[P]laintiffs' Complaint is barred by the running of section 13's three-year statute of repose, which is not subject to tolling under *American Pipe*.").[4]

Mr. Humble attempts to distinguish this Court's rulings in *Lehman I* and *IndyMac* – and defy the law of the case – on the theory that those decisions related to securities that were previously unrepresented, whereas in the present case, the withdrawing plaintiff, Mr. Mandell, purchased the same security as Mr. Humble. *See* Humble Br. at 9 n.1. But that is a distinction without a legal difference. Because Section 13 permits no exceptions, tolling of the statute of repose is no more available where the existing plaintiffs have standing than where they do not. *See, e.g., Footbridge*, 770 F. Supp. 2d at 624 ("It is settled that a federal statute of repose is not subject to equitable tolling.").

The basis for this black-and-white reading of the statute of repose is the "[i]n no event" language. As Judge Castel succinctly held: "Simply put, the words '[i]n no event' mean what

---

[4] Mr. Humble repeatedly cites the decision permitting intervention in *New Jersey Carpenters Health Fund v. Residential Capital, LLC*, Nos. 08 CV 8781 (HB) & 08 CV 5093 (HB), 2010 WL 5222127 (S.D.N.Y. Dec. 22, 2010), but Judge Baer's decision in that case predates this Court's decisions in *Lehman I*, *Lehman II*, and *IndyMac*, and does not address the absolute bar imposed by the statute of repose that this Court found dispositive in those cases.

5

they say." *Id.* The Second Circuit has adopted this no-exceptions approach as well, instructing that, "a statute of repose begins to run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action." *See P. Stolz Family Partnership L.P. v. Daum*, 355 F.3d 92, 102-103 (2d Cir. 2004) (citation omitted). In explaining the underpinnings of the statute of repose, the *Stolz* court made clear that "[t]he injured party [injured after the repose period has passed] literally has [n]o cause of action. The harm that has been done is *Damnum absque injuria* – a wrong for which the law affords no redress." *Id.* at 103 (brackets in original; citation omitted).

Mr. Humble is also forestalled from arguing that he can use a relation back theory, pursuant to Fed. R. Civ. P. 15, to avoid dismissal under the statute of repose. *See Lehman II*, 799 F. Supp. 2d at 310 ("The added plaintiffs here cannot avoid the statute of repose on a 'relation back' theory under Fed. R. Civ. P. 15(c) because the statute of repose by its terms allows no exceptions."); *see also Ceribelli v. Elghanayan*, No. 91 Civ. 3337 (CSH), 1994 WL 529853, at *2 (S.D.N.Y. Sept. 28, 1994) (denying a motion to intervene under Rule 24 as futile because the proposed intervenors were not entitled to rely on a relation back theory, rendering their claims untimely). "Indeed, Rule 15 may not be construed to permit relation back because such a construction would conflict with the Rules Enabling Act, which provides in pertinent part that the rules prescribed by the Supreme Court (including Rule 15) 'shall not abridge, enlarge or modify any substantive right.'" *IndyMac*, 793 F. Supp. 2d at 643.

Stripped of both the tolling and relation back arguments, Mr. Humble is reduced to a strained interpretation of the statute of repose, suggesting that his motion to intervene does not constitute bringing a new "action" under 15 U.S.C. § 77m. Humble Br. at 9. But the fact that

6

Mr. Humble seeks to join this litigation through intervention, rather than filing a new action, does not change the statute of repose analysis. Both *IndyMac* and *Lehman I* involved motions to intervene, and this Court nevertheless found that the statute of repose barred the intervenors' claims. *See Indy Mac*, 793 F. Supp. 2d 642-45, *Lehman I*, 800 F. Supp. 2d at 480-84. Furthermore, any notion that Mr. Humble's intervention motion is different because he purports to be "substituting" for Mr. Mandell should be rejected. As Mr. Humble's motion acknowledges, the proper analytical framework for his motion is intervention, pursuant to Fed. R. Civ. P. 24. This is not a "substitution" motion brought under Fed. R. Civ. P. 25 or any other rule, and even if it was, it would have no impact on the statute of repose analysis.[5]

Mr. Humble's reliance on *In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, No. 1:00-1898, MDL 1358 (SAS), 2006 WL 1004725 (S.D.N.Y. Apr. 17, 2006), is wildly misplaced. *See* Humble Br. at 9. *Methyl*, a case that applied *Illinois* substantive law, did not so much as mention the statute of repose or other time bar, did not involve any claim arising under the federal securities laws, and did not involve a motion to intervene under Rule 24. *Methyl* stands for the wholly unremarkable proposition that courts "normally" permit substitution of new named plaintiffs for named plaintiffs who opt out of a class action, if and to the extent there is no substantial alteration of the scope of the claims against the defendants. *Id.* at *4. Accordingly, the *Methyl* court held that the substitution of a new plaintiff was not a "new case" *for purposes of determining whether defendants' removal of the case to federal court was timely*. *See id.* at *5-7.

---

[5] Under Rule 25, "substitution" is limited to situations where the named party dies, becomes incompetent, transfers his or her claim, or leaves public office, such that the named party's claim passes to a successor. *See* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1951 (3d ed. 2001). Here, Mr. Humble is not succeeding to Mr. Mandell's claim; although they both purport to have claims arising from their purchase of securities in the same offering, there is no relationship at all between Mr. Humble and Mr. Mandell.

7

The *Methyl* holding is simply irrelevant to Mr. Humble's motion, as that court was not asked to permit "substitution" after expiration of a statute of repose.[6]

Finally, Mr. Humble repeatedly appeals to equitable considerations, arguing that if the Court fails to permit intervention, Mr. Humble will be "prejudiced" and his interests will be "impaired." Humble Br. at 6, 7. As this Court has held, however, where Congress has established an absolute time limit through a statute of repose, equitable considerations are irrelevant, and the courts may not override legislative intent. Moreover, while Mr. Humble may not pursue his claim through this class action, he is *not* precluded from pursuing claims against UBSFS; Mr. Humble, and other purchasers of L491, may still bring their claims in an arbitral forum, as many other putative class members have done – and as Mr. Mandell now plans to do – since the eligibility period for commencing claims before FINRA has not yet elapsed. *See* FINRA Rule 12206(a).

**B.    Plaintiffs Lack Standing to Bring Claims Associated with L491 and L574, Rendering Dismissal Appropriate Pursuant to Federal Rule of Civil Procedure 12(c)**

Fed. R. Civ. P. 12(c) "serves as an auxiliary device that enables a party to assert the 12(b)(6) defense after the pleadings are closed." *Miner v. Empire Blue Cross/Blue Shield*, No. 97 Civ. 6490 (LAP), 2001 WL 96524, at *2 (S.D.N.Y. Feb. 5, 2001). "Judgment [under Fed. R. Civ. P. 12(c)] is appropriate if, based on the pleadings, the moving party is entitled to judgment as a matter of law." *Chevron Corp. v. Salazar*, Nos. 11 Civ. 3718 (LAK) & 11 Civ. 0691

---

[6] For the same reasons, the other cases cited by Mr. Humble for the general proposition that pre-certification substitution by absent class members is permissible are equally irrelevant. *See* Humble Br. at 4 (*citing In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 375 B.R. 719 (S.D.N.Y. 2007); *In re Nat'l Australia Bank Sec. Litig.*, No. 03 Civ. 6537 (BSJ), 2006 WL 3844463 (S.D.N.Y. Nov. 8, 2006); *Diduck v. Kaszycki & Sons Contractors, Inc.*, 149 F.R.D. 55 (S.D.N.Y. 1993)). Not surprisingly, none of the cases cited by Mr. Humble implicates the statute of repose. While these cases do raise the policy arguments that have been accepted by this Court in the context of *American Pipe* tolling of statutes of *limitation*, these same policy arguments have been expressly rejected by this Court in the context of the statute of repose. *See Lehman I*, 800 F. Supp. 2d at 483 ("This ruling is in tension with the policies animating the *American Pipe* decision. . . . When it comes to statutes of repose, however, the relevant policies are those of Congress rather than any that courts might think preferable.").

(LAK), 2011 WL 3628843, at *4 (S.D.N.Y. Aug. 17, 2011). Because plaintiffs lack standing to bring claims relating to both L491 and L574, the claims associated with these offerings should be dismissed.

As explained earlier, once Mr. Mandell's claims are withdrawn, there will be no named plaintiff who purchased the L574 security, regardless of the outcome of Mr. Humble's motion to intervene. And if the Court reaffirms its prior rulings on the statute of repose, and denies Mr. Humble's motion to intervene, there also will be no named plaintiff who purchased the L491 security.

In *Lehman II*, this Court opined on claims relating to 50 securities that presented the identical standing deficiency now presented by L574 and L491, and ruled as follows:

> As this Court previously has stated, a plaintiff does not suffer an injury in fact – and therefore has no standing to assert claims – in consequence of false or misleading statements in offering materials for securities that it did not purchase. As no named plaintiff is alleged to have purchased securities in these fifty PPN offerings, the plaintiffs have no standing to pursue claims based on them.

*Lehman II*, 799 F. Supp. 2d at 274 (footnote omitted). As was the case with the 50 offerings at issue in *Lehman II*, the remaining plaintiffs cannot allege any injury in fact with respect to security L574 or L491, which none of them purchased. Accordingly, the Court should grant Defendant UBSFS's motion for judgment on the pleadings, and dismiss the TAC's claims related to these two offerings of securities for lack of standing.[7]

---

[7] Plaintiffs essentially concede that dismissal of these claims is required, as they argue that failure to permit Mr. Humble's intervention will mean that claims based on the L491 security "will no longer be part of this case." Humble Br. at 6. The same is obviously true with respect to the L574 security, for which there is no plaintiff and no proposed intervenor.

9

## CONCLUSION

For the foregoing reasons, UBSFS respectfully requests that the Court deny Mr. Humble's motion to intervene and grant UBSFS's cross-motion for judgment on the pleadings dismissing claims based on securities for which no plaintiff has standing.

Dated: New York, New York
February 3, 2012

GIBSON, DUNN & CRUTCHER LLP

By: /s/ Jonathan C. Dickey
Jonathan C. Dickey
jdickey@gibsondunn.com
Marshall R. King
mking@gibsondunn.com
Oliver Olanoff
oolanoff@gibsondunn.com

200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

Attorneys for Defendant UBS Financial Services Inc.