UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



In re LEHMAN BROTHERS SECURITIES
AND ERISA LITIGATION

Case No. 09-MD-2017 (LAK)

This Document Applies To:

ECF CASE

*In re Lehman Brothers Equity/Debt*
*Securities Litigation*, 08-CV-5523-LAK

## JUDGMENT AND ORDER APPROVING SETTLEMENT BETWEEN
## LEAD PLAINTIFFS AND THE SETTLING UNDERWRITER DEFENDANTS

This matter came for hearing on April 12, 2012 (the "Settlement Hearing"), on the application of the Settling Parties to determine (i) whether the terms and conditions of the Stipulation of Settlement and Release dated December 2, 2011 (the "First Underwriter Stipulation") between Lead Plaintiffs, on behalf of the UW Settlement Class, and A.G. Edwards & Sons, Inc.; ABN AMRO Inc.; ANZ Securities, Inc.; Banc of America Securities LLC; BBVA Securities Inc.; BNP Paribas; BNY Mellon Capital Markets, LLC; Caja de Ahorros y Monte de Piedad de Madrid; Calyon Securities (USA) Inc. (n/k/a Crédit Agricole Corporate and Investment Bank); CIBC World Markets Corp.; Citigroup Global Markets Inc.; Commerzbank Capital Markets Corp.; Daiwa Capital Markets Europe Limited (f/k/a Daiwa Securities SMBC Europe Limited); DnB NOR Markets Inc. (the trade name of which is DnB NOR Markets); DZ Financial Markets LLC; Edward D. Jones & Co., L.P.; Fidelity Capital Markets Services (a division of National Financial Services LLC); Fortis Securities LLC; BMO Capital Markets Corp. (f/k/a Harris Nesbitt Corp.); HSBC Securities (USA) Inc.; ING Financial Markets LLC; Loop Capital Markets, LLC; Mellon Financial Markets, LLC (n/k/a BNY Mellon Capital

1

Markets, LLC); Merrill Lynch, Pierce, Fenner & Smith Inc.; Mizuho Securities USA Inc.;

Morgan Stanley & Co. Inc.; nabCapital Securities, LLC (n/k/a nabSecurities, LLC); National

Australia Bank Ltd.; Natixis Bleichroeder Inc. (n/k/a Natixis Securities Americas LLC);

Raymond James & Associates, Inc.; RBC Capital Markets, LLC (f/k/a RBC Dain Rauscher Inc.);

RBS Greenwich Capital (n/k/a RBS Securities Inc.); Santander Investment Securities Inc.; Scotia

Capital (USA) Inc.; SG Americas Securities LLC; Sovereign Securities Corporation LLC;

SunTrust Robinson Humphrey, Inc.; TD Securities (USA) LLC; UBS Securities LLC; Utendahl

Capital Partners, L.P.; Wachovia Capital Finance; Wachovia Securities, LLC (n/k/a Wells Fargo

Securities, LLC); and Wells Fargo Securities, LLC (collectively, the "First Group of Settling

Underwriter Defendants") are fair, reasonable, and adequate for the settlement of all Settled

Claims, including all claims asserted by Lead Plaintiffs against the Settling Underwriter

Defendants in the Third Amended Class Action Complaint for Violations of the Federal

Securities Laws (the "Complaint") now pending in this Court in the above-captioned

consolidated class action (the "Action"), and should be approved; (ii) whether the terms and

conditions of the Stipulation of Settlement and Release dated December 9, 2011 (the "Second

Underwriter Stipulation"), largely adopting the First Underwriter Stipulation, between Lead

Plaintiffs, on behalf of the UW Settlement Class, and Cabrera Capital Markets LLC; Charles

Schwab & Co., Inc.; HVB Capital Markets, Inc.; Incapital LLC; MRB Securities Corp., as

general partner of M.R. Beal & Company (M.R. Beal & Company, together with its owners and

partners); Muriel Siebert & Co., Inc. and Siebert Capital Markets; and Williams Capital Group

L.P. (collectively, the "Second Group of Settling Underwriter Defendants" and, together with the

First Group of Settling Underwriter Defendants, the "Settling Underwriter Defendants") are fair,

reasonable, and adequate for the settlement of all Settled Claims, including all claims asserted by

2

Lead Plaintiffs against the Settling Underwriter Defendants in the Complaint now pending in this Court in the Action, and should be approved; and (iii) whether judgment should be entered (a) dismissing the Complaint on the merits, with prejudice and without costs, in favor only of the Settling Underwriter Defendants and the other Released Underwriter Parties and as against all persons or entities who are members of the UW Settlement Class herein who have not requested exclusion therefrom, (b) releasing the Settled Claims as against the Settling Underwriter Defendants and all other Released Underwriter Parties, and (c) entering a Bar Order and judgment reduction provision, as set forth in paragraphs 12 and 13 herein, in connection with this Action. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that a notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all persons and entities reasonably identifiable as members of the UW Settlement Class, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and *Investor's Business Daily* pursuant to the specifications of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Judgment hereby incorporates by reference the definitions in the First Underwriter Stipulation and the Second Underwriter Stipulation (together, the "Stipulations"), and all capitalized terms used herein shall have the same meaning as set forth in the First Underwriter Stipulation for purposes of the settlement with the First Group of Settling Underwriter Defendants and the same meaning as set forth in the Second Underwriter Stipulation for purposes of the settlement with the Second Group of Settling Underwriter Defendants including, but not limited to:

   a. "Released Underwriter Parties" shall mean any and all of the Settling Underwriter Defendants and their respective current and former trustees, officers,

3

directors, principals, predecessors, successors, assigns, attorneys, parents, affiliates, employers, employees, agents, and subsidiaries, but specifically does not include any Non-Settling Defendant.

b. "Released Underwriter Parties' Claims" shall mean any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Settling Underwriter Defendants, except for claims relating to the enforcement of the Settlement.

c. "Settled Claims" shall mean any and all claims, rights, demands, liabilities and causes of action of every nature and description, to the fullest extent that the law permits their release in this Action, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiffs or any other members of the Settlement Class: (a) alleged in the Complaint, or (b) could have asserted in any forum that arise out of or are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that arise out of the Settlement Class Member's purchase or acquisition of the Lehman Securities pursuant or traceable to the Shelf Registration Statement and Offering Materials incorporated by reference in the Shelf Registration Statement. Notwithstanding the foregoing, the Settlement Class, through the release in this Settlement, will not release (i) any claims against the Non-Settling Defendants; (ii) the claims asserted in any ERISA action or mortgage-backed securities action, including such claims submitted against any of the debtors in the Lehman Bankruptcy Proceedings or the LBI SIPA Proceeding; (iii) any claims or interests in the Lehman Bankruptcy Proceeding or the LBI SIPA Proceeding asserted by an individual Settlement Class Member based solely upon the ownership of any Lehman security which is entitled to a distribution under any confirmed plan of reorganization in the Lehman Bankruptcy Proceeding because of such ownership; or (iv) claims relating to the enforcement of the Settlement.

2.     This Court has jurisdiction to enter this Judgment.  The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all UW Settlement Class Members.

3.     The Court hereby affirms its findings in its Order Concerning Proposed Settlement with the Settling Underwriter Defendants dated December 15, 2011 (the "Preliminary Order"), that for purposes of the UW Settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the

4

number of UW Settlement Class Members is so numerous that joinder thereof is impracticable; (b) there are questions of law and fact common to the UW Settlement Class; (c) the claims of the UW Settlement Class Representatives are typical of the claims of the UW Settlement Class; (d) the UW Settlement Class Representatives and Lead Counsel have and will fairly and adequately represent the interests of the UW Settlement Class; (e) the questions of law and fact common to the members of the UW Settlement Class predominate over any questions affecting only individual members of the UW Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      The Court further affirms its determinations in the Preliminary Order and finally certifies, for purposes of the UW Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Action to proceed as a class action on behalf of all persons or entities who purchased or otherwise acquired Lehman securities identified in Appendix A to the First Underwriter Stipulation ("Lehman Securities") pursuant or traceable to the Shelf Registration Statement and Offering Materials incorporated by reference in the Shelf Registration Statement and who were damaged thereby.  The UW Settlement Class includes registered mutual funds, managed accounts, or entities with nonproprietary assets managed by any of the Released Underwriter Parties including, but not limited to, the entities listed on Exhibit C attached to the First Underwriter Stipulation, who purchased or otherwise acquired Lehman Securities (each, a "Managed Entity").  Excluded from the UW Settlement Class are (i) Defendants, (ii) the officers and directors of each Defendant, (iii) any entity (other than a Managed Entity) in which a Defendant owns, or during the period July 19, 2007 to September 15, 2008 (the "Underwriter Settlement Class Period") owned, a majority interest, (iv) members of Defendants' immediate families and the legal representatives, heirs, successors or assigns of

any such excluded party, and (v) Lehman. Also excluded from the UW Settlement Class are the persons and entities who timely and validly requested exclusion from the UW Settlement Class as listed on Exhibit 1 annexed hereto.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the UW Settlement only, this Court affirms its findings in the Preliminary Order that the UW Settlement Class Representatives are adequate class representatives and finally certifies them as UW Settlement Class Representatives, and finally certifies the law firms of Bernstein Litowitz Berger & Grossmann LLP and Kessler Topaz Meltzer & Check, LLP as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.      Notice of the pendency of this Action as a class action and of the proposed UW Settlement was given to all UW Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the UW Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed UW Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are UW Settlement Class Members, advising them of the UW Settlement, of Lead Counsel's intent to apply for attorneys' fees and reimbursement of Litigation Expenses associated with the Action, and of their right to object thereto, and a full and fair

opportunity was accorded to all persons and entities who are UW Settlement Class Members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all UW Settlement Class Members who did not timely and validly elect to exclude themselves by written communication received by the claims administrator no later than the date set forth in the Notice and the Preliminary Order, are bound by this Judgment.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the UW Settlement as set forth in the Stipulations, and finds that the UW Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the UW Settlement Class Members, including Lead Plaintiffs. This Court further finds that the UW Settlement set forth in the Stipulations is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the UW Settlement embodied in the Stipulations is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulations.

9.     The Action, the Complaint, and the claims asserted therein by the UW Settlement Class Members are hereby dismissed with prejudice as against only the Settling Underwriter Defendants and without costs except for the payments expressly provided for in the Stipulations.

10.     Upon the Effective Date, each of the Named Plaintiffs and all other UW Settlement Class Members, release and shall be deemed by operation of law to have irrevocably, absolutely and unconditionally, fully, finally and forever released, waived, discharged and dismissed each and every Settled Claim against each and all of the Released Underwriter Parties with prejudice, and shall forever be enjoined from prosecuting any or all Settled Claims against any Released Underwriter Party.

11. Upon the Effective Date, each of the Settling Underwriter Defendants, on behalf of themselves and their respective heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, affiliates, assigns and agents, release and shall be deemed by operation of law to have released, waived, discharged and dismissed each and every Released Underwriter Parties' Claims against each and all of the Named Plaintiffs, and their respective counsel, and any other UW Settlement Class Member, and shall forever be enjoined from prosecuting any or all of the Released Underwriter Parties' Claims against Named Plaintiffs, their respective counsel, or any other UW Settlement Class Member.

12. Upon the Effective Date, any and all claims for contribution and indemnification (or any other claim where the injury is the person's or entity's liability to one or more members of the UW Settlement Class), arising from, relating to, or in connection with the Settled Claims (a) by any person or entity against any or all of the Released Underwriter Parties, their insurers, subrogees or assigns, or anyone acting on behalf of the Released Underwriter Parties, their insurers, subrogees or assigns or (b) by any or all of the Released Underwriter Parties, their insurers, subrogees or assigns, or anyone acting on behalf of the Released Underwriter Parties, their insurers, subrogees or assigns against any Non-Settling Defendant, its insurers, subrogees or assigns, or anyone acting on behalf of a Non-Settling Defendant, its insurers, subrogees or assigns, other than a person or entity whose liability has been extinguished pursuant to the UW Settlement, are, to the fullest extent provided by law, permanently barred and fully discharged. The discharging of such claims shall not affect any Defendant's claims filed against Lehman Brothers Holdings Inc. in its bankruptcy proceeding or against Lehman Brothers Inc. in its proceeding under the Securities Investor Protection Act in the United States Bankruptcy Court for the Southern District of New York.

8

13.     Any final verdict or judgment that may be obtained by or on behalf of the UW Settlement Class or a UW Settlement Class Member against any person or entity subject to the Bar Order in paragraph 12 above shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of any Settling Underwriter Defendant (or Settling Underwriter Defendants, as applicable) for common damages; or (b) the amount paid by or on behalf of any Settling Underwriter Defendant (or Settling Underwriter Defendants, as applicable) to the UW Settlement Class or UW Settlement Class Member, as applicable, for common damages.

14.     This Judgment and the Stipulations, whether or not the Judgment becomes Final, and any proceedings taken pursuant to the Stipulations, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the UW Settlement, and any act performed or document signed in connection with the UW Settlement:

a.      shall not be offered or received against any of the Released Underwriter Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Underwriter Parties with respect to the truth of any fact alleged by Named Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Underwriter Parties in this Action or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Underwriter Parties;

b.      shall not be offered or received against any of the Released Underwriter Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Underwriter Parties, or against any of the Named Plaintiffs or any other UW Settlement

9

Class Members as evidence of any infirmity in the claims of the Named Plaintiffs or the other

UW Settlement Class Members;

       c.      shall not be offered or received against any of the Released Underwriter

Parties or against any of the Named Plaintiffs or any other UW Settlement Class Members as

evidence of a presumption, concession or admission with respect to any liability, negligence,

fault or wrongdoing, or in any way referred to for any other reason as against any of the Released

Underwriter Parties, or against any of the Named Plaintiffs or any other UW Settlement Class

Members, in any other civil, criminal or administrative action, arbitration or proceeding, other

than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

provided, however, that if the Stipulations are approved by the District Court, the Settling

Underwriter Defendants, any Released Underwriter Party, Named Plaintiffs and any other UW

Settlement Class Member may file the Stipulations and/or the Judgment in any action for any

purpose, including, but not limited to, in order to support a defense or counterclaim based on

principles of res judicata, collateral estoppel, release and discharge, good faith settlement,

judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar

defense or counterclaim;

       d.      shall not be construed against any Released Underwriter Parties, any

Named Plaintiff or any other UW Settlement Class Member as an admission, concession or

presumption that the consideration to be given hereunder represents the amount which could be

or would have been recovered after trial; and

       e.      shall not be construed as or received in evidence as an admission,

concession or presumption against any Named Plaintiff or any other UW Settlement Class

Member that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15.     The Court reserves jurisdiction over, without affecting in any way the finality of this Judgment, (a) implementation and enforcement of the UW Settlement; (b) approving a plan of allocation; (c) the allowance, disallowance or adjustment of any UW Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Funds; (d) disposition of the Settlement Funds; (e) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (f) enforcing and administering this Judgment; (g) enforcing and administering the Stipulations including any releases executed in connection therewith; and (h) any other matter related or ancillary to the foregoing.

16.     Separate Orders shall be entered regarding Lead Plaintiffs' motion for approval of the proposed Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses. Such Orders shall not disturb or affect any of the terms of this Judgment.

17.     In the event that the UW Settlement does not become effective in accordance with the terms of the Stipulations or in the event that the Settlement Funds, or any portion thereof, are returned to the Settling Underwriter Defendants (or such persons or entities responsible for funding the Settlement Amount), and such amount is not replaced by others, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulations, and shall be vacated to the extent provided by the Stipulations and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulations; (b) the fact of the UW Settlement shall not

11

be admissible for any purpose and the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in this Action as of October 3, 2011; and (c) the Settlement Amount plus accrued interest, less any Taxes paid or due with respect to such income, and less Notice and Administration Costs actually incurred and paid or payable, shall be returned in full as provided in paragraph 36 of the First Underwriter Stipulation and in paragraph 36 of Exhibit A to the Second Underwriter Stipulation as modified by paragraph 4 of the Second Underwriter Stipulation.

18.     Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulations.

19.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: _April 21, 2012_

_____
The Honorable Lewis A. Kaplan
United States District Judge

#636143

12

## Exhibit 1

### Persons and Entities Excluded from the UW Settlement Class

1. Carol Ahlf
   Kinnelon, NJ

2. Alternative Benefit Management
   c/o Greer, Herz & Adams, L.L.P.
   League City, TX

3. California Public Employees'
   Retirement System
   c/o Robbins Geller Rudman & Dowd
   LLP
   San Diego, CA

4. Caveman Associates, LLC
   c/o Phillip Lo Bianco Jr
   Pompano Beach, FL

5. Carol Ciarco
   c/o Dan A. Druz
   Lindenhurst, NJ

6. City of Burbank
   c/o Cotchett, Pitre & McCarthy, LLP
   Burlingame, CA

7. City of San Buenaventura
   c/o Cotchett, Pitre & McCarthy, LLP
   Burlingame, CA

8. Comprehensive Investment Services,
   Inc.
   c/o Greer, Herz & Adams, L.L.P.
   League City, TX

9. Ernie Hoechner (Trust & IRA)
   c/o Dan A. Druz
   S. Burlington, VT

10. Priscilla Hoechner (IRA)
    c/o Dan A. Druz
    S. Burlington, VT

11. Jamiscott LLC
    c/o Harris & Houghteling LLP
    New York, NY

12. Donald P. Lenio (IRA)
    Ocala, FL

13. The Moody Foundation
    c/o Greer, Herz & Adams, L.L.P.
    Galveston, TX

14. Edward Muchmore
    Iselin, NJ

15. Susanne Robbins
    Boca Raton, FL

16. Fred G. Rucker
    Sarasota, FL

17. Russell T. Rupp
    Linda M. Rupp (JTWROS)
    Bonita Springs, FL

18. Michael J. Ryan
    Bradenton, FL

19. San Mateo County Investment Pool
    c/o Cotchett, Pitre & McCarthy, LLP
    Burlingame, CA

20. Lorraine Senkowsky (IRA)
    c/o Dan A. Druz
    Lakewood, NJ

21. Sidney Steinberg
    Boca Raton, FL

22. Vallejo Sanitation and Flood Control
    District
    c/o Cotchett, Pitre & McCarthy, LLP
    Burlingame, CA

23. Donald Vives & Katherine C. Vives
    Auburn, AL

24. David Volpe (IRA)
    c/o Dan A. Druz
    St. Petersburg, FL

25. John & Kim Volpe
    c/o Dan A. Druz
    Sea Girt, NJ

26. Richard Winslow
    Flourtown, PA

27. Leonard Schneider and Lillian Schneider
    c/o Harris & Houghteling LLP
    New York, NY

28. Lillian Schneider
    c/o Harris & Houghteling LLP
    New York, NY

29. Susan Schneider
    c/o Harris & Houghteling LLP
    New York, NY