UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION | CASE NO. 09 MD 2017 (LAK) |
| This Document Applies To: | |
| *In re Lehman Brothers Equity/Debt Securities Litigation* | 08-CV-5523-LAK |

**MEMORANDUM IN SUPPORT OF THE MOTION BY IRENE KAUFMAN AND BERNICE KAUFMAN AS TRUSTEES OF THE IRENE KAUFMAN TRUST TO:
(1) AMEND ORDER DISMISSING MOVANTS AS MEMBERS OF THE CLASS SETTLING WITH DEFENDANT DIRECTORS AND OFFICERS OF LEHMAN BROTHERS HOLDINGS INC;
(2) AMEND ORDER APPROVING SETTLEMENT BETWEEN THE SETTLEMENT CLASS AND SETTLING DEFENDANT DIRECTORS TO INCLUDE LEHMAN SECURITIES HELD BY TRUSTEES and
(3) AMEND JUDGMENT APPROVING THE SETTLEMENT BETWEEN THE SETTLEMENT CLASS AND SETTLING DEFENDANT DIRECTORS TO INCLUDE LEHMAN SECURITIES HELD BY TRUSTEES PURSUANT TO FED R. CIV. P. 59(e)**

## PRELIMINARY STATEMENT

Irene Kaufman and Bernice Kaufman (the "Trustees"), as trustees of the Irene Kaufman Trust filed an action in this court under case number 09 CV 7900 (LAK) (the "Individual Action") on September 14, 2009 claiming damages from certain directors and officers of Lehman Brothers Holdings Inc. ("Lehman") in connection with the issuance of two sets of principal protected notes ("PPNs") issued by Lehman under CUSIP 52522L202 and CUSIP 52522L525. The Individual Action was consolidated with this action for all pre-trial purposes.

The Individual Action claimed that the directors of Lehman named therein violated Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act"), the registration statements for the PPNs contained material misstatements, omissions of material facts, and failed to disclose certain risks and that the directors failed to conduct due diligence about Lehman or the truth or completeness of the registration statement.

The Third Amended Complaint in the instant class action lawsuit was filed April 23, 2010, subsequent to the filing of the Individual Action. Notwithstanding the filing of the Individual Action and its consolidation with this class action case, the Trustees inexplicably were not named as individual holders of the securities purchased by them. The Trustees were never contacted to ask if they would consent to be listed as class representatives with respect to the Lehman securities purchased by them.

On July 27, 2011, the Court issued an order dismissing the Trustees as plaintiffs in the instant action with respect to CUSIP 52522L202. *See In re Lehman Bros. Sec. & ERISA Litig.*, 799 F. Supp. 2d 258, 273 (S.D.N.Y. 2011). The Court noted that class action plaintiffs asserted "claims based on fifty PPN offerings in which no named plaintiff purchased a security" and that

{D0067686.2 }

2

defendants challenged plaintiffs' standing to pursue those claims. *Id.* The Court concluded that the plaintiffs lacked Article III standing to pursue the claims because "a plaintiff does not suffer an injury in fact – and therefore has no standing to assert claims – in consequence of false or misleading statements in offering materials for securities that it did not purchase." *Id.* at 274. The claim of the Trustees for securities issued by Lehman under CUSIP 52522L202 were included in the fifty PPN offerings for which no named plaintiff was identified, even though the Trustees had the Individual Action pending which was consolidated with the class action for pre-trial purposes.

On December 15, 2011, the Court entered Pre-Trial Order No. 27 establishing an approval process for the approval of a settlement dated October 14, 2011 between the plaintiffs that remained in the instant class action and the directors and officers of Lehman named therein. The securities held by the Trustees under CUSIP 52522L525 are included in the settlement. The securities held by the Trustees under CUSIP 52522L202 are not included in the settlement, having been dismissed by the order of the Court entered on July 27, 2011.

On May 24, 2012, the Court entered its order approving the settlement dated October 14, 2011 between the plaintiffs that remained in the instant class action and the directors and officers of Lehman named therein.

On September 21, 2012, lead class action counsel for representing purchasers of PPNs filed a motion for reconsideration, asking this Court to reconsider its order of July 27, 2011 based upon the subsequent decision of the United States Court of Appeals for the Second Circuit in *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.* *("NECA")*. The decision held that a plaintiff has "class standing" to assert claims on behalf of purchasers of shares in offerings in which he did not invest if the claims "implicate the same set of concerns as plaintiffs' claims."

3

{D0067686.2 }

No. 11-2762-cv, 2012 WL 3854431, at *1 (2d. Cir. Sept. 6, 2012). This motion for reconsideration is pending before the Court.

On November 7, 2012, the Court entered judgment approving the settlement between the class action plaintiffs and the directors and officers of Lehman referenced in Pre-Trial Order No. 27 of December 15, 2011 and the order of the Court entered on May 24, 2012.

## ARGUMENT

1. **THE SECURITIES HELD BY THE TRUSTEES SHOULD BE INCLUDED IN THE CLASS OF PPN SECURITIES INCLUDED IN THIS ACTION BECAUSE NAMED CLASS REPRESENTATIVES HAD STANDING TO REPRESENT THEM.**

The Trustees hereby join in the motion for reconsideration filed by Girard Gibbs LLP and other counsel on behalf of purchasers of PPNs filed on September 24, 2012 (Document 1009) and join in requesting reinstatement to the class of plaintiffs represented in this action as a matter of law.

2. **THE CLASS OF SECURITIES LISTED UNDER CUSIP 52522L202 SHOULD BE INCLUDED IN THE SECURITIES INCLUDED IN THE CLASS OF PPN SECURITIES IN THIS ACTION BECAUSE A REPRESENTATIVE OF THE CLASS WAS IDENTIFIED IN THIS CONSOLIDATED ACTION. AS A RESULT, THE ORDER OF THE COURT DATED MAY 24, 2012 APPROVING THE SETTLEMENT WITH SETTLING DEFENDANTS SHOULD BE AMENDED TO INCLUDE CUSIP 52522L202 AND THE JUDGMENT ENTERED BY THE COURT ON NOVEMBER 7, 2012 SHOULD BE AMENDED UNDER FED. R. CIV. P. 59(e) TO INCLUDE CUSIP 52522L202.**

The Trustees also request that the Court reconsider its order of July 27, 2011 with respect to CUSIP 52522L202 because at the time that the Court entered its order, there was a representative of the class of securities issued by Lehman under CUSIP 52522L202 present before it.[1]

---

[1] The Court may consider that this motion is filed later than it otherwise might have been filed. The delay in the filing of this motion is because of two reasons. The first is that, as noted in the record by the Clerk's office, due

4

{D0067686.2 }

The Trustees filed the Individual Action on September 14, 2009. The securities named in the Individual Action were included in the Second and Third Amended Complaints. The securities under CUSIP 52522L202 were listed in Exhibit B on page 192 of the Third Amended Complaint. The securities under CUSIP 52522L525 were listed in Exhibit B on page 198 of the Third Amended Complaint.

For reasons unknown to the Trustees, their name was not listed in the portion of Exhibit B listing the names of purchasers of these securities. Their ownership of the securities under CUSIP 52522L202 was known from the Individual Action that was pending before the Court. The section showing the names of the representatives for CUSIP 52522L202 was left blank. The section showing the names of the representatives for CUSIP 52522L525 showed the names of Stephen Gott, Shea-Edwards Limited Partnership, Nick Fotinos, and Mohan Ananda. The absence of the names of the Trustees from these schedules appears to be a clerical oversight in this complicated matter with substantial numbers of parties.

The dismissal of the Trustees from this action in the order entered by the Court on July 27, 2011 was based on the absence of any identification of any class representative for CUSIP 52522L202. From the record, it would appear that the decision of the Court was based upon a review of Exhibit B and that any PPN that did not have the name of a class representative next to its CUSIP was dismissed. In fact, the Trustees were pursuing these claims before the Court at

---

to an electronic malfunction in the Clerk's office cross-referencing 09 CV 7900 into this action, counsel was not receiving filings or orders filed in this action that were not cross-referenced to 09 CV 7900 through CM/ECF until counsel inquired of the Clerk's office in early 2012 after a motion to dismiss was filed 09 CV 7900 and discussions ensued with defendants' counsel. The Court will recall that all discovery and other actions in individual actions had been stayed pending resolution of class action matters. There was no reason for counsel to believe that action had been taken affecting the plaintiffs in this action that was not being communicated through CM/ECF. The second is that throughout 2012, counsel has been afflicted with diagnosis, surgery, convalescence and treatment for cancer. For the foregoing reasons, counsel requests that the Court exercise its discretion and understanding regarding the timing of this motion.

5

{D0067686.2 }

this time in 09 CV 7900. A representative of the purchasers of these securities was in fact before the court.

Fed. R. Civ. P. 59(e) permits the Court to alter or amend a judgment upon motion made not later than twenty-eight days after the entry of the judgment. Since the judgment that the Trustees request be amended was entered on November 7, 2012, this motion is timely under the rule.

A motion to amend a judgment under Rule 59(e) is one entrusted to the district court's sound judgment. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *National Trust v. Department of State*, 834 F.Supp. 453, 455 (D.D.C.1993), *aff'd in part and rev'd in part on other grounds sub nom. Sheridan Kalorama Historical Ass'n v. Christopher*, 49 F.3d 750 (D.C.Cir.1995) (quoting *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied* 506 U.S. 820 (1992)).

In this instance, what appears to have taken place is that a clerical error resulted in the omission of the names of the Trustees from Exhibit B to the Third Amended Complaint. If this motion is granted, there should be no prejudice to any party to these actions for the following reasons:

    a.    The securities issued by Lehman under CUSIP 52522L202 were purchased by only two purchasers, the Trustees and Mr. Alexander Kaufman.

{D0067686.2 }

6

b. Both the Trustees and Mr. Kaufman have pursued separate arbitration remedies against UBS Financial Services Inc. and eschew any recovery against UBS Financial Services Inc. as part of the class.

c. Any recovery by the Trustees against the directors of Lehman will be covered by the settlement already reached with the Lehman directors. *Should this motion be granted, the Trustees will voluntarily dismiss the remaining claims in 09 Civ 7900, terminating that action.*

d. All of the holders of the securities issued by Lehman under CUSIP 52522L202 have timely filed claims with the administrator of the settlement to participate in the settlement, thus not requiring a re-opening of the claims settlement process under the settlement; and

e. Both the Trustees and Mr. Kaufman would remain as part of the class under CUSIP 52522L202 for any further relief that would be entered by the Court against any other defendant in this action, but will not be asserting any new claims against any defendant.

Contemporaneously with this motion, the Trustees are filing a response to Pre-trial Order No. 38 entered by the Court on October 15, 2012 with respect to 09 Civ 7900. If the instant motion is granted, further action on that case will not be necessary.

## CONCLUSION

For the aforementioned reasons, the Plaintiffs respectfully request that the Court:

1. Amend its Order entered July 27, 2011 to remove the holders of CUSIP 52522L202 from the persons dismissed from this action;

2. Amend its Order entered May 24, 2012 to include the holders of CUSIP 52522L202 in the class of persons settling with the directors and officers of Lehman named therein in accordance with the terms thereof; and

3. Amend its Judgment entered November 9, 2012 to include the holders of CUSIP 52522L202 in the class of persons settling with the directors and officers of Lehman named therein in accordance with the terms thereof;

as well as granting any further relief that this Court deems just and proper.


Dated: November 19, 2012
       New York, New York

Respectfully submitted,

Lloyd De Vos (LD8129)
DE VOS & CO. PLLC
1230 Avenue of the Americas
7th Floor
New York, New York 10020
Tel. (212) 786-1000
Fax (800) 223-1273
E-mail: ldevos@devos-law.com