UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | Case No. 09-MD-2017 (LAK)<br><br>ECF CASE |

**STRUCTURED PRODUCTS CLASS REPRESENTATIVES' MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF DISTRIBUTION PLAN**

The Structured Products Plaintiffs[1] respectfully submit this memorandum in support of their motion for entry of the accompanying proposed Order Approving Distribution Plan in connection with their $120 million Settlement with UBS Financial Services Inc.[2]

The proposed distribution plan implements the Court-approved Plan of Allocation and provides for distribution of the Net Settlement Fund to the nearly 7,000 Settlement Class Members who have submitted valid Claim Forms. The Claims Administrator estimates that Settlement Class Members who have submitted valid Claims stand to recover 29.58% of their losses in Structured Products as a result of the Settlement. The Court should approve the Claims Administrator's determinations concerning the Claims that have been submitted to date and should authorize distribution of the Net Settlement Fund.

## BACKGROUND

The Structured Products Plaintiffs achieved a settlement with UBS Financial Services Inc. in the amount of $120,000,000. ECF No. 1290-1.[3] On September 16, 2013, the Court entered an Order directing that the proposed Notice to be sent to Settlement Class Members. ECF No. 1291. In accordance with the Order, Structured Products Class Counsel retained A.B.

---

[1] Unless otherwise noted, the terms "Structured Products Plaintiffs" and "Structured Products Class Representatives" refer to Mohan Ananda, Richard Barrett, Ed Davis, Neel Duncan, Rick Fleischman, Nick Fotinos, Gastroenterology Associates, Ltd. Profit Sharing Plan and Trust FBO Charles M. Brooks, MD, Stephen Gott, Karim Kano, David Kotz, Barbara Moskowitz, Ronald Profili, Joseph Rottman, Shea-Edwards Limited Partnership, Juan Tolosa, Grace Wang and Miriam Wolf.

[2] All capitalized terms in this brief have the meanings ascribed to them in (a) the Stipulation of Settlement and Release dated September 11, 2013, between the Structured Products Plaintiffs and UBS Financial Services, Inc. (ECF No. 1290-1), (the "Stipulation"); (b) the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses; and (c) the Walter Declaration.

[3] Unless otherwise noted, the ECF cites are to the *In re Lehman Brothers Securities and ERISA Litigation* docket, 09-MD-2017-LAK.

Data, Ltd. as the Claims Administrator for the Settlement. As Claims Administrator, A.B. Data has been responsible for, among other things, (i) printing and mailing copies of the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), and the Proof of Claim and Release (the "Claim Form") to Settlement Class Members; (ii) publishing the Summary Notice; (iii) communicating with and providing information to potential Settlement Class Members; (iv) processing, analyzing and following up as necessary about the Claim Forms submitted and (v) effectuating the distribution of the Net Settlement Funds.

On December 10, 2013, this Court held a hearing to consider whether the proposed Settlement and the proposed Plan of Allocation should be approved. On the same day, the Court signed and entered its Judgment and Order Approving the Settlement as fair, reasonable, and adequate and directing the parties to consummate the Settlement Agreement in accordance with its terms and provisions (ECF No. 1355), and entered a separate Order Approving the Plan of Allocation for the Net Settlement Fund (ECF No. 1352). The Court's December 10 Order approving the Settlement also provided that the Court "reserves jurisdiction over… implementation and enforcement of the Settlement…." ECF No. 1355, ¶ 16.

## **CLAIMS ADMINISTRATION**

Under the terms of the Stipulation of Settlement, UBS Financial Services Inc. established a $120 million fund to settle the Structured Products Plaintiffs' claims. Pursuant to the terms of the Settlement and as set forth in the Notice, Settlement Class Members wishing to participate in the distribution of the Net Settlement Fund were required to submit Claim Forms by mail or online by February 4, 2014. A.B. Data mailed a total of 24,545 Notice Packets to potential Settlement Class Members, brokers, and other nominees. Walter Decl. ¶ 10. Through June 25,

2014, A.B. Data has received 6,921 Claim Forms, and performed extensive quality assurance procedures to ensure that its claims review process was accurate and thorough. *Id*. at ¶¶ 16, 34.

*Late but Otherwise Valid Claims.* As of June 25, 2014, 378 Claims were received after the February 4, 2014 deadline. Walter Decl. ¶ 37. A.B. Data determined that 295 of the 378 Late Claims were otherwise valid. *Id*., Ex. F. Late Claims and items of corrective correspondence received before June 22, 2014 did not cause any delay in the overall processing and administration. Any Claim received on or after June 22, 2014, by contrast, could not be calculated and included in A.B. Data's recommendations without creating an undue delay. *Id*. at n.2. Accordingly, Structured Products Plaintiffs request that the Court adopt A.B. Data's recommendation that the 295 late but otherwise valid Claims received prior to June 22, 2014 be accepted, and that the Claims and/or corrective correspondence received on or after June 22, 2013 be rejected.

*Deficient Claims.* Claimants who failed to provide all of the required information for a complete Claim were notified of the deficiency, advised of possible ways to cure the deficiency, and informed that any deficiencies not corrected within twenty days from the date of the notification letter may be rejected. Walter Decl. ¶ 19. To the extent that a Claim Form was wholly deficient (if the Claimant was ineligible to participate in the Settlement, for example, or submitted duplicate Claims), A.B. Data sent a rejection letter to the Claimant describing the defect(s). Any Claimant whose Claim was rejected in whole or in part was informed of their right to contest the rejection of their Claim and request this Court's review of A.B. Data's determination. No Claimant to date has requested that the Court review A.B. Data's determination. Walter Decl. ¶ 25. Copies of sample rejection, deficiency, and status letters are attached as Exhibits A, B, and D to the Walter Declaration.

*Rejected Claims*. After deficiencies were processed and/or cured, a total of 661 Claims were rejected for the following reasons:

- 259 Claims had a Recognized Claim amount of zero;
- 229 Claims were duplicates;
- 108 Claims had no eligible purchases during the relevant time period;
- 2 Claims were rejected because the Claimant was an Excluded Party as defined in the Notice;
- 2 Claims were withdrawn per written correspondence from the Claimant; and
- 61 Claims had uncured deficiencies.

A.B. Data notified all of the Claimants with deficient Claims, as described above, with the appropriate rejection letter. Walter Decl. ¶¶ 40-41.

Structured Products Plaintiffs request that the Court approve A.B. Data's administrative determinations accepting and rejecting Claims as set forth in Parts One, Two, and Three of Exhibit F to the Walter Declaration.

## FEES AND EXPENSES OF THE CLAIMS ADMINISTRATOR

Pursuant to the Stipulation, "Structured Products Class Counsel may pay from the Settlement Fund, without further approval from the Settling Defendant, but subject to the prior approval of this Court, all reasonable Notice and Administration Costs actually incurred." ECF No. 1291, ¶ 26. Claims administrators who administer and distribute a common fund are compensated for their time and expenses from the common fund. *See, e.g.*, 4 Alba Conte and Herbert B. Newberg, *Newberg on Class Actions* §11.40 (4th ed. 2002) ("The administration costs normally include the cost of settlement notice, the cost of distribution to the class, and any fees that are payable to a special master or counsel in connection with the administration.").

As the Court-appointed Claims Administrator in this case, A.B. Data was responsible for, among other things, mailing and publishing notice to the Settlement Classes, creating and maintaining a settlement website and toll-free telephone helpline, processing the Claims, and allocating and distributing the Net Settlement Funds to Authorized Claimants. A.B. Data has incurred and will incur, in connection with the initial distribution of the Net Settlement Fund, a total of $305,336.90 in administration fees and expenses. Walter Decl. ¶ 49. A.B. Data has not yet received any payments from the Settlement Fund. *Id*. Structured Products Plaintiffs respectfully request that the Court approve payment of all of A.B. Data's outstanding fees and expenses, and its estimate of future fees and expenses to complete the distribution, set forth in Exhibit G to the Walter Declaration.

## **DISTRIBUTION PLAN FOR THE NET SETTLEMENT FUND**

Structured Products Plaintiffs respectfully request that the Court authorize the distribution of the Net Settlement Fund among all Claimants whose Claims have been accepted. A.B. Data estimates that Authorized Claimants will recover 29.58% of their Recognized Losses as a result of the Settlement. Walter Decl. ¶ 43.

In accordance with the approved Plan of Allocation, Structured Products Plaintiffs propose that A.B. Data make this initial distribution by mailing each Authorized Claimant a check in the amount of the person's *pro rata* allocation. *See* Walter Decl. ¶ 46. A.B. Data will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund by comparing the Claimant's Recognized Claim to the total of all Authorized Claimants' Recognized Claims, and this *pro rata* share will be the Claimant's "Distribution Amount." *Id.* A.B. Data will eliminate from the total of all Authorized Claimants' Recognized Claims any Authorized

5

Claimant whose net loss calculates to less than $10.00, as these Claimants do not have a Recognized Claim under the Plan of Allocation. *Id.*

To encourage Authorized Claimants to cash their checks promptly, and to avoid or reduce future expenses relating to uncashed checks, Structured Products Plaintiffs further propose that the initial distribution checks bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]." Authorized Claimants who do not cash their distribution checks within the time allotted shall irrevocably forfeit all recovery from the Settlement. The funds allocated to all stale-dated checks will be available to be redistributed to other Authorized Claimants in the redistribution(s) described below.

The Plan of Allocation provides that if any distributable balance remains in the Net Settlement Fund by reason of uncashed checks or otherwise one year after the initial distribution, if feasible and economical, A.B. Data will redistribute the remaining funds on a *pro rata* basis to the Authorized Claimants who cashed their initial distribution checks and who would receive at least $10.00 from the redistribution, after payment of any additional costs or fees incurred in administering the Net Settlement Fund for the redistribution. ECF No. 1290-1, at 100. The Plan of Allocation also provides that, if six months after the redistribution any balance still remains in the Net Settlement Fund and Class Counsel have determined that a further redistribution would be uneconomical, Class Counsel shall seek an order approving the contribution of that balance to one or more non-sectarian, not-for-profit, 501(c)(3) organizations. Pursuant to the Plan of Allocation, Class Counsel's motion will identify at least three proposed recipients selected by one or more of the following individuals: the President of the New York City Bar Association, the President of the New York State Bar Association, and the President of the American Bar

6

Association.  The proposed recipients will not include any organization listed in the preceding sentence and shall be independent of Class Counsel so that Class Counsel does not derive a direct or indirect benefit from the selection of such organization as the recipient of a charitable contribution.  Class Counsel's motion will include a declaration detailing the means by which the proposed recipients were selected.

The Proposed Order submitted herewith confirms the distribution provisions set forth in the approved Plan of Allocation provided in the Notice to Settlement Class Members.

## **RELEASE OF CLAIMS**

To allow the full and final distribution of the Net Settlement Fund, Structured Products Plaintiffs also request that the Court bar all Claimants from making any further claim against the Net Settlement Fund beyond the amount allocated to them in the Stipulation and the Plan of Allocation, and release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Net Settlement Fund, from any and all claims arising out of such involvement.  Accordingly, Structured Products Plaintiffs respectfully request that the Court release and discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Net Settlement Fund from any and all claims arising out of their involvement, and bar all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, from making any further Claims against the Net Settlement Fund, the Structured Products Class Representatives, named plaintiff Arthur Simons , or Structured Products Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by the Structured Products Class Representatives or Structured Products

Plaintiffs' Counsel in connection with the administration or taxation of the Net Settlement Fund beyond the amounts allocated to Authorized Claimants.

## CONCLUSION

For the foregoing reasons, the Structured Products Class Representatives' Motion for Approval of Distribution Plan should be granted, and the proposed Order Approving Distribution Plan should be entered

Dated: June 30, 2014

Respectfully submitted,

**GIRARD GIBBS LLP**

/s/ *Daniel C. Girard*

Daniel C. Girard
Amanda M. Steiner
Dena C. Sharp
601 California Street, Floor 14
San Francisco, CA 94108
Tel: (415) 981-4800
Fax: (415) 981-4846
dcg@girardgibbs.com
as@girardgibbs.com
chc@girardgibbs.com

John A. Kehoe
711 Third Avenue, 20th Floor
New York, NY 10017
Tel: (212) 867-1721
Fax: (212) 867-1767
jak@girardgibbs.com

*Class Counsel and Counsel for Plaintiffs Mohan Ananda, Richard Barrett, Neel Duncan, Nick Fotinos, Stephen Gott, Karim Kano, Barbara Moskowitz, Ronald Profili, Joe Rottman, Grace Wang and Miriam Wolf*

ZWERLING, SCHACHTER
   & ZWERLING, LLP
Susan Salvetti
Justin M. Tarshis
41 Madison Avenue
New York, New York 10010
Telephone: (212) 223-3900
Facsimile: (212) 371-5969
ssalvetti@zsz.com
jtarshis@zsz.com

*Counsel for Plaintiffs Ed Davis, Rick Fleischman, Gastroenterology Associates, Ltd. Profit Sharing Plan FBO Charles M. Brooks M.D., Arthur Simons, and Juan Tolosa*

LAW OFFICES OF JAMES V. BASHIAN, P.C.
James V. Bashian
500 Fifth Avenue, Suite 2700
New York, New York 10110
Telephone: (212) 921-4110
Facsimile: (212) 921-4229

*Counsel for Plaintiff David Kotz*

BONNETT FAIRBOURN FRIEDMAN
   & BALINT, P.C.
Andrew Friedman
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone: (602) 274-1100
Facsimile: (602) 274 1199

TIFFANY & BOSCO P.A.
Richard G. Himelrick
2525 East Camelback Road
Phoenix, Arizona 85016
Telephone: (602) 255-6000
Facsimile: (602) 255-0103

*Counsel for Plaintiff Shea-Edwards Limited Partnership*