UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re LEHMAN BROTHERS SECURITIES AND ERISA LITIGATION<br><br>This Document Applies To:<br><br>In re Lehman Brothers Equity/Debt Securities Litigation, 08-CV-5523-LAK | Case No. 09-MD-2017 (LAK)<br><br>ECF CASE |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/14

### [PROPOSED] ORDER APPROVING DISTRIBUTION PLAN

The Structured Products Class Representatives, on notice to counsel for UBS Financial Services Inc., the Settling Defendant, moved this Court for an order approving a distribution plan for the Net Settlement Fund. The Court, having considered all the materials and arguments submitted in support of the Motion, including the Structured Products Class Representatives' memorandum and the Declaration of Adam D. Walter of A.B. Data Ltd, the Court-approved Claims Administrator for the Settlement (the "Walter Declaration");

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order incorporates by reference the definitions in (a) the Stipulation of Settlement and Release dated September 11, 2013, between the Structured Products Class Representatives and UBS Financial Services, Inc. (ECF No. 1290-1), (the "Stipulation"); (b) the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"); and (c) the Walter Declaration, and all terms used herein shall have the same meanings as set forth in the Stipulation, the Settlement Notice, and the Walter Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Settlement Class.

3. The Structured Products Class Representatives' plan for distribution of the Net

Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly,

(a) The administrative recommendations of the Court-approved Claims Administrator A.B. Data, Ltd. to accept the Eligible Claims set forth in Part One of Exhibit F to the Walter Declaration, and the Late But Otherwise Eligible Claims set forth in Part Two of Exhibit F to the Walter Declaration, are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible or otherwise deficient Claims, as set forth in Part Three of Exhibit F to the Walter Declaration, are adopted;

(c) A.B. Data shall conduct an initial distribution (the "Initial Distribution") of the available balance of the Net Settlement Fund, after deducting the payments previously allowed and approved herein, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees, as follows:

(1) Pursuant to the Court-approved Plan of Allocation, A.B. Data shall calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund by comparing the Claimant's Recognized Claim to the total of all Authorized Claimants' Recognized Claims. An Authorized Claimant's calculated *pro rata* share of the Net Settlement Fund shall be the Claimant's "Distribution Amount." A.B. Data shall eliminate from the total of all Authorized Claimants' Recognized Claims any Authorized Claimant whose net loss calculates to less than $10.00, as these Claimants do not have a Recognized Claim under the Plan of Allocation and shall not receive any payment from the Net Settlement Fund;

(2) Authorized Claimants shall be issued Initial Distribution checks in the amount of their *pro rata* allocation. To encourage Authorized Claimants to cash their checks promptly, and to avoid or reduce future expenses relating to

uncashed checks, all Initial Distribution checks shall bear the notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]";

(3) Authorized Claimants who do not cash their Initial Distribution checks within the time allotted shall irrevocably forfeit all recovery from the applicable Settlement. The funds allocated to all such stale-dated checks will be available to be redistributed to other Authorized Claimants in the redistribution(s) described below. Similarly, Authorized Claimants who do not cash their redistribution checks within the time allotted will irrevocably forfeit any further recovery from the applicable Net Settlement Fund;

(d) If any distributable balance remains in the Net Settlement Fund by reason of uncashed checks or otherwise one year after the Initial Distribution, after A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, then that balance shall be redistributed on a *pro rata* basis among those Authorized Claimants who have cashed their checks and who would receive at least $10.00 from the redistribution, after payment of any additional costs or fees incurred in administering the Net Settlement Fund for the redistribution;

(e) If six months after the redistribution any balance still remains in the Net Settlement Fund and Class Counsel have determined that a further redistribution would be uneconomical, Class Counsel shall seek an order approving the contribution of the balance to one or more non-sectarian, not-for-profit, 501(c)(3) organizations. Class Counsel's motion shall identify at least three proposed recipients. The proposed recipients shall have been selected by one or more of the following individuals: the President of the New York City Bar Association, the President of the New York State Bar Association, and the

President of the American Bar Association. The proposed recipients shall not include any organization listed in the preceding sentence and shall be independent of Class Counsel so that Class Counsel does not derive a direct or indirect benefit from the selection of such organization as the recipient of a charitable contribution. Class Counsel's motion shall include a declaration detailing the means by which the proposed recipients were selected;

(f) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of such involvement, and all members of the Settlement Class, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, the Structured Products Class Representatives, named plaintiff Arthur Simons, Structured Products Class Representatives' Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by the Structured Products Class Representatives or Structured Products Class Representatives' Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants;

(g) No further Claims shall be accepted, and no further adjustments to Claims shall be made for any reason after June 22, 2014;

(h) Unless otherwise ordered by the Court, one year after all funds in the Net Settlement Fund have been distributed, A.B. Data will destroy all paper and electronic copies of the Proofs of Claim and all supporting documentation; and

(j) A.B. Data's $305,336.90 in unpaid fees and expenses incurred in connection with the initial distribution of the Net Settlement Fund, and estimate of future

expenses and fees to be incurred to complete the distribution, as set forth on the invoices attached as Exhibit G to the Walter Declaration, are approved.

4.  This Court retains jurisdiction to consider any further applications concerning the administration of the Settlements, and such other and further relief as this Court deems appropriate.

5. The Clerk shall terminate DI 1437, which is resolved by this order.

SO ORDERED:

July 25, 2014

_____
The Honorable Lewis A. Kaplan
United States District Judge

5